**In re Bob DESMOND, Debtor.**

**No. BK 03–13878–MWV.**

United States Bankruptcy Court, D. New Hampshire.

Aug. 26, 2005.

See also 331 B.R. 38, 2005 WL 2218281.

William S. Gannon, Esq., William S. Gannon, PLLC, for Debtor.

Geraldine Karonis, Esq., Assistant United States Trustee, for Office of the United States Trustee.

### MEMORANDUM OPINION

MARK W. VAUGHN, Chief Judge.

The Court has before it two motions filed by the United States Trustee. The first motion sought alternative remedies,

including the expansion of the examiner's powers, conversion to Chapter 7, or the appointment of a Chapter 11 trustee. Hearings were held on that motion on March 31, 2005, May 2, 2005, and June 24, 2005, after which the Court took the matter under advisement. On July 24, 2005, the United States Trustee filed another motion seeking conversion of the case to Chapter 7. The Court heard this motion on August 15, 2005.

## JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## FACTS

This case was filed on November 13, 2003. The Debtor's main assets consist of real property located in Orford, New Hampshire, and Fairlee, Vermont. The nature and the amount of liens on the Orford property are the subject of litigation pending in this Court. The Debtor's other assets consists of causes of action concerning Weaver Cove, LLC. As a result of an earlier motion to convert brought by the United States Trustee, the Court appointed an examiner on June 25, 2004. The Debtor has filed a plan and disclosure statement, to which there were numerous objections, and which is currently pending before this Court. The plan is largely dependent on the Debtor's success in his litigation.

The most recent motion to convert was triggered by the United States Trustee's receipt of a notice of cancellation of insurance on the Orford property. On at least three prior occasions, cancellation had been threatened. At the hearing on August 15, 2005, the Debtor produced a binder effective through August 28, 2005, and a check for partial payment drawn on an account of the Debtor's son dated that same day, August 15, 2005. Throughout the course of this Chapter 11, the Debtor has been unemployed, having no earned income and apparently surviving on loans or gifts. At least one of these "lenders," Stonestreet Construction, LLC, has filed a claim for an administrative expense in the amount of $75,000, which the Debtor alleges is unenforceable even though he signed a note for that amount. At the last hearing, the United States Trustee produced a check from 142 Destra Realty Corp. signed by the Debtor, apparently for his membership in the New York Yacht Club. It is undisputed that the Debtor has paid no quarterly fees to the United States Trustee since the start of this case. The debtor has also been continually late in filing quarterly reports with the United States Trustee. Debtor's counsel has filed an interim application seeking fees in the amount of $196,089 and reimbursement of expenses in the amount of $9,117.81, and there are no funds on hand to pay them. Finally, as the Court indicated at the August 15, 2005, hearing, the Debtor has largely ignored the requirements imposed on a debtor in Chapter 11 unless it was for his benefit alone.

## DISCUSSION

The United States Trustee has brought this last motion under 11 U.S.C. § 1112(b)(1), (2), (3) and (10):

Except as provided in subsection (c) of this section, on request of a party in interest or the United States trustee or bankruptcy administrator, and after notice and a hearing, the court may convert a case under this chapter to a case

under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause, including—

(1) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation;

(2) inability to effectuate a plan;

(3) unreasonable delay by the debtor that is prejudicial to creditors;

. . . .

(10) nonpayment of any fees or charges required under chapter 123 of title 28.

11 U.S.C. § 1112(b)(1), (2), (3) and (10).

Up to now, the Court has been hesitant to increase the powers of the examiner because the Court believes there is little or no statutory support for such an examiner, and the proper remedy, if required, is to provide for a Chapter 11 trustee. However, the Court is further of the impression that, in an individual Chapter 11 case, to have a functioning Chapter 11 trustee is an impossible task.

The Court finds that cause exists to convert the case under 11 U.S.C. § 1112(b)(1), (2) and (3) since the estate is apparently administratively insolvent, the Debtor has not been able to effectuate a plan where there is a reasonable likelihood of confirmation, and continued delay in Chapter 11 is and will be prejudicial to creditors. The Court further finds that based on the Debtor's failure to pay any fees to the United States Trustee for almost two years, conversion is justified under 11 U.S.C. § 1112(b)(10).

Based on all of the above, the Court grants the motion to convert the case to Chapter 7. The United States Trustee shall appoint a Chapter 7 trustee forthwith who will hopefully make an early determination as to whether this case should even stay in Chapter 7 or be dismissed.

## Conclusion

This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.